## SEWALL P. BARNES *vs.* REUBEN HARRIS.

Where a person goes to the office of an attorney at law, to obtain professional ad vice, and there consults with a student at law in the office, the communications made by him to the student in the course of such consultation, are not pro tected from disclosure in court, even if he supposes the student to be an attorney.

THIS was an action of assumpsit on an account annexed to the writ. At the trial in the court of common pleas, before *Hoar*, J., the defendant called Stephen Holman, as a witness, and proposed to inquire of him as to a conversation between him and the plaintiff, which took place in the office of Milton Whitney, Esq., an attorney of this court, before the commencement of the suit. The witness having stated, that at the time of the conversation, he was a student at law in Whitney's office; that the plaintiff called there for professional a 'vice; that he did not know but the plaintiff supposed him

to be Mr. Whitney; and that the conversation was relative to the plaintiff's claims against the defendant, as to which the plaintiff consulted the witness; the judge ruled, that it was not competent for the witness to testify as to any statements then made to him by the plaintiff, for the purpose of obtaining professional advice. Whitney was not present at the conversation; he was not the attorney of the plaintiff in this suit; and it did not appear that the plaintiff had ever before consulted him. The jury found a verdict for the plaintiff, and the defendant alleged exceptions.

*F. H. Dewey,* for the defendant.

*N. Wood,* for the plaintiff.

The opinion was delivered at October term, 1852.

METCALF, J. The testimony of the witness was excluded, probably, either on the ground that he was a student in an attorney's office, and therefore the communication made to him by the plaintiff was privileged, as if made to the attorney himself, or on the ground that the plaintiff supposed that the witness was an attorney at law. But, in our judgment, the testimony ought not to have been excluded on any ground.

It is to be remembered, whenever a question of this kind arises, that communications to attorneys and counsel are not protected from disclosure in court for the reason that they are made confidentially; for no such protection is given to confidential communications made to members of other professions. The principle of the rule, which applies to attorneys and counsel, (says the chief justice, in 14 Pick. 422,) is, "that so numerous and complex are the laws by which the rights and duties of citizens are governed, so important is it that they should be permitted to avail themselves of the superior skill and learning of those who are sanctioned by the law as its ministers and expounders, both in ascertaining their rights in the country, and maintaining them most safely in courts, without publishing those facts which they have a right to keep secret, but which must be disclosed to a legal adviser and advocate, to enable him successfully to perform the duties of his office, that the law has considered it the wisest policy to encourage and sanction this confidence, by requiring that

on such facts the mouth of the attorney shall be forever sealed."
And Lord Brougham says, (1 Mylne & Keen, 103,) the rule
is established " out of regard to the interests of justice, which
cannot be upholden, and to the administration of justice,
which cannot go on, without the aid of men skilled in juris-
prudence, in the practice of the courts, and in those matters
affecting rights and obligations, which form the subject of all
judicial proceedings. If the privilege did not exist at all,
every one would be thrown upon his own legal resources."
See also *Russell* v. *Jackson*, 9 Hare, 387 ; 1 Macnally on Ev.
239, 240 ; Glassford on Ev. 482, 483 ; 4 Munf. 287.

Such being the reason of the rule which protects communi-
cations made to attorneys and counsel, the court should apply
the rule to those cases only which fall within that reason.
And it is truly said, in Harrison on Ev. 36, that as the rule
operates to the exclusion of evidence, the courts have always
felt inclined to construe it strictly and narrow its effect. We
believe the rule is correctly stated in *Foster* v. *Hall*, 12 Pick.
93 ; viz. that it " is confined strictly to communications to
members of the legal profession, as barristers and counsellors,
attorneys and solicitors, and those whose intervention is ne-
cessary to secure and facilitate the communication between
attorney and client ; as interpreters, agents, and attorneys
clerks." See also 1 Phil. Ev. (Amer. ed. of 1849,) 163 ; 1
Greenl. Ev. § 239.

The witness, in this case, was not of the legal profession,
and though he was a student in an attorney's office, yet it does
not appear that he was either the attorney's agent or clerk for
any purpose. Many students at law are never either the one
or the other. Some of the members of this court never were.

If the plaintiff's communication was made to the witness
in his capacity as a student in Mr. Whitney's office, it is not
privileged ; *Andrews* v. *Solomon*, Peters C. C. 356 ; nor if it
was made on the supposition that the witness was Mr. Whit-
ney or some other attorney at law. *Fountain* v. *Young*, 6 Esp.
R. 113 ; 2 Stark. Ev. (4th Amer. ed.) 396 ; 1 Greenl. Ev. § 241.

*New trial ordered.*